IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA CHAPMAN, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:12-CV-2117-D (BH) |
| | ) | |
| BAYLOR UNIVERSITY MEDICAL | ) | Referred to U.S. Magistrate Judge |
| CENTER, et. al | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the plaintiff should be **DENIED** leave to file this action *in forma pauperis*.

**I. BACKGROUND**

On May 25, 2012, Sonya Chapman (Plaintiff) filed a civil complaint against Baylor University Medical Center (Defendant) on behalf of her mother's estate, alleging that it violated her mother's constitutional rights and was negligent in her medical treatment. (*See* No. 3:12-CV-1640-N, doc. 3). She also sought leave to proceed *in forma pauperis.* (*Id.,* doc. 5.) That case was administratively closed on May 30, 2012, based on prior sanctions in case No. 3:05-CV-1997-N. (*Id.*, doc. 7.) The judgment in that case ordered Plaintiff not to re-file her action or any other civil action without first obtaining leave of court and paying a $25 sanction for filing frivolous cases as provided by an order from the Western District of Texas. *Id.; see also Chapman v. Ament*, No. W-00-CA-249 (W.D. Tex. Dec 1, 2000); *Chapman v. Univ. Tex. Med. Branch*, No. W-00-CA-250 (W.D. Tex. Dec. 1, 2000) (assessing a $25 sanction and barring plaintiff from filing any *in forma pauperis* civil action until she both paid and monetary sanction and sought and obtained leave of the court).

On July 3, 2012, Plaintiff re-filed her complaint against Defendant in this case and sought leave to proceed *in forma pauperis*. (docs. 3, 5). By order dated July 10, 2012, the Court noted that she had paid the sanction (*see* No. W-00-CA-249, doc. 8), but that she was still required to seek leave of court prior to filing any civil complaint because she had been previously sanctioned for filing frivolous cases. (*See* doc. 7). The order also advised her that she could not represent her mother's estate *pro se* because she is not an attorney, that counsel must enter an appearance on behalf of her mother's estate, and that failure to comply with the order would result in a recommendation that her claims be dismissed. *Id.*

After receiving an extension of time, on August 16, 2012, Plaintiff filed an amended complaint purportedly outlining her individual claims against Defendant, reasserting her claims on behalf of her mother's estate, and adding as a defendant the Centers for Medicare and Medicaid Services, also known as Health and Human Services. (*See* doc. 13). She has still not formally moved for leave to file this action as ordered, and counsel has not entered an appearance for the claims asserted on behalf of the mother's estate.

## II. SCREENING

Because Plaintiff seeks to proceed *in forma pauperis*, her complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To

avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. REPRESENTATION OF MOTHER'S ESTATE

Plaintiff is again attempting to assert constitutional and medical negligence claims on behalf of her mother and to seek damages because of her mother's physical pain and injury, mental pain and anguish, as well as exemplary and punitive damages. (doc. 13 at 8-12). She claims that the defendants discriminated against her mother by failing to properly treat her because of her indigent status and disabilities. *Id.* at 4-5. She also asserts that her mother's rights under the Americans with Disabilities Act were violated when she was denied services. *Id.*

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. "[I]ndividuals who do not have a law license may not represent other parties in federal court even on a next friend basis", however. *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court). Plaintiff may not bring this *pro se* case on behalf of her deceased mother's estate. *See City Bank v. Compass Bank,* No. EP-09-CV-96-KC, 2009 WL 4775104 (W.D. Tex. Dec. 10, 2009); *see also Franklin v. Garden State Life Ins.*, 462 Fed. App'x 928 (11th Cir. Mar. 22, 2012).

On July 19, 2012, Plaintiff was advised that counsel must enter an appearance on behalf of her mother's estate. (doc. 9). Counsel has not entered an appearance on behalf of the estate.

3

Accordingly, Plaintiff should be denied leave to file suit on behalf of her mother's estate *in forma pauperis*.

## IV.  PLAINTIFF'S PERSONAL CLAIMS

Plaintiff's allegations that she has suffered loss of companionship, parental advice and guidance, as well as pain and suffering and mental anguish, may be liberally construed as a wrongful death action under Texas state law by the surviving child of a person who died through the alleged negligence of the defendant.  (*See* doc. 13 at 3); TEX. CIV. PRAC. & REM. CODE § 71.00 (West 1985); *Shepherd v. Ledford*, 962 S.W. 2d 28, 31 (Tex. 1998).  Plaintiff also asserts that she brings her claims against the defendants based on the "Texas Survival, and Wrongful Death" statutes. *Id*. Plaintiff has alleged no viable federal cause of action against any defendant on her own behalf, however.  She asserts that she is a protected class for purposes of the equal protection clause, that she "invokes" the equal protection and due process clauses, and that her civil rights were violated (doc. 13 at 3), but she does not allege any facts to support a claim that the defendants violated her personal constitutional rights through their actions in treating or failing to treat her mother.  She relies on her claims that her mother's constitutional rights were violated. *Id*. at 8-9, 14.

Plaintiff's bare assertion that the defendants have violated her federal constitutional rights does not state a viable federal claim of action.  Nor has she plead any facts to support any personal cause of action against the federal defendant.  She has also not pled that the Court has diversity jurisdiction over her personal state law claims. Plaintiff and Defendant are citizens of Texas, and a federal agency is not a citizen of any state for purposes of diversity jurisdiction. *See Hotep v. United States*, 2007 WL 1321845 (N.D. Tex. May 7, 2007), *citing Texas v. Interstate Commerce Commission and Railroad Labor Board*, 258 U.S. 158, 160 (1922); *Lummis v. White*, 629 F.2d 397,

4

402 (5th Cir. 1980), *rev'd on other grounds by Cory v. White*, 457 U.S. 85 (1982). Because Plaintiff has alleged no viable personal cause of action over which this Court has jurisdiction, leave to file her own claims *in forma pauperis* should be denied.

## V. RECOMMENDATION

Plaintiff should be **DENIED** leave to file this action *in forma pauperis*, and this action should be **DISMISSED** based on the previous sanction unless she pays the $350 filing fee within the time for objecting to this recommendation, or some other deadline established by the Court.

**SIGNED this 1st day of October, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE