IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA CHAPMAN, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:12-CV-2117-D (BH) |
| | ) | |
| BAYLOR UNIVERSITY MEDICAL | ) | Referred to U.S. Magistrate Judge |
| CENTER, et. al | ) | |
|     Defendants. | ) | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for screening. Before the Court is Plaintiff's second *Application to Proceed In District Court Without Prepaying Fees or Costs*, received October 15, 2012 (doc. 18).

On July 13, 2012, Plaintiff filed her first motion to proceed *in forma pauperis* (IFP), which remains pending. (doc. 5). Based on a prior sanction for filing frivolous lawsuits, she may not file a case IFP without obtaining consent of the Court. (*See* No. 3:12-CV-1640-N, doc. 7.) On October 1, 2012, it was recommended that Plaintiff's IFP motion be denied because she was attempting to bring claims on behalf of her mother's estate *pro se* and because she had alleged no viable personal cause of action over which this Court has jurisdiction. (doc. 14;. Plaintiff has filed objections to these findings.

In her second application to proceed IFP, Plaintiff asserts that she should be permitted to proceed without paying the filing fee because of her limited income and lack of asserts. (doc. 18). Notwithstanding any inability to pay the filing fee, she is still subject to a prior sanctions order for filing frivolous lawsuits. Plaintiff's second application to proceed IFP should be **DENIED** for the same reasons as her first application.

**SO RECOMMENDED** on this 30th day of October, 2012.

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```