**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SONYA CHAPMAN, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:12-CV-2117-D (BH) |
| ) | |
| BAYLOR UNIVERSITY MEDICAL ) | |
| CENTER, et. al ) | |
|     Defendants. ) | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation and the Supplemental Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

Plaintiff has been sanctioned by the Western District of Texas, which assessed a $25 sanction and barred her from filing any *in forma pauperis* civil action until she both paid the monetary sanction and sought and obtained leave of the court to file. *See Chapman v. Univ. Tex. Med. Branch*, No. W-00-CA-250 (W.D. Tex. Dec. 1, 2000). Although she has now paid the monetary sanction, and despite her claimed indigence, she is still subject to a prior sanctions order for filing frivolous lawsuits and may not file a case *in forma pauperis* without obtaining consent of the Court. (*See* No. 3:12-CV-1640-N, doc. 7.) Plaintiff has failed to move for leave to file this lawsuit. Even liberally construing her filings as a proper motion seeking leave to file, Plaintiff is attempting to bring claims on behalf of her mother's estate *pro se,* and she has alleged no viable personal cause of action over which this Court has jurisdiction. Her motions for leave to proceed *in forma pauperis* in this case are therefore **DENIED,** and this action is subject to dismissal.

**SIGNED January 16, 2013.**

_____
**DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE**